## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

**THE BUILDING CREW, INC.**, including all of its officers, directors, representatives, shareholders, owners, agents and employees, and **ERIKA N. NARANJO**, including her heirs, successors, and assigns (hereinafter collectively referred to as "Defendants") and **PAOLA BONET**, including her heirs, successors, and assigns, (hereinafter referred to as "Plaintiff"), hereby enter into this Settlement Agreement and Mutual General Release ("Agreement") as follows:

**WHEREAS**, Plaintiff filed an action against Defendants for unpaid minimum and overtime wages under the Fair Labor Standards Act (the "FLSA"), and against the corporate Defendant for the return of a $30,000.00 investment (the "Investment"), in the U.S. District Court for the Southern District of Florida, Case No. 16-23638-CIV-Gayles/Turnoff (the "Litigation"); and

**WHEREAS**, Defendants deny liability for the claims asserted by Plaintiff in the Litigation; and

**WHEREAS**, in an effort to resolve the Litigation, Plaintiff and Defendants have reached a settlement in accordance with the terms and conditions set forth herein;

**NOW THEREFORE**, in consideration of the mutual covenants set forth in this Agreement, Plaintiff and Defendants hereby agree as follows:

1. **Settlement Amount.** In consideration of the promises of Plaintiff as set forth herein, Defendants agree to pay Plaintiff a total of thirty-four thousand five hundred dollars and zero cents ($34,500.00) (the "Settlement Amount") to be paid as follows: (a) $7,500.00 payable within fifteen (15) days of court of approval of this Agreement ($4,500.00 of which shall be for Plaintiff's attorney's fees and costs and $3,000.00 of which shall be for Plaintiff) (the "Initial Payment"); and (b) the remaining balance of $27,000.00 payable in monthly installments of $562.50 for forty-eight (48) months, to commence thirty (30) days after payment of the Initial Payment. The Initial Payment shall be paid via check or wire transfer to Reiner & Reiner, P.A. Trust Account. The monthly payments shall be paid to Paola Bonet via direct deposit into the following account: Chase Bank Account No. 404651965, Routing No. 267084131, currently in the name of Paola C. Bonet and Gaston Silva. The foregoing bank account is subject to change and Plaintiff agrees to notify Defendants at least fifteen (15) days in advance of any such change. Nothing herein shall be construed as requiring that the account into which the monthly payments is to be made be in the name of any person or persons other than Plaintiff. Forms 1099 shall be issued by Defendants to Reiner & Reiner, P.A. for the Initial Payment and to Plaintiff for the remaining balance of $27,000.00.

2. **Dismissal/Court Approval.** The Parties acknowledge and agree that this Agreement will not be valid unless and until the Court dismisses the Lawsuit with prejudice; that



Plaintiff's Initials                                                           Defendants' Initials

1

date shall be the Effective Date of this Agreement. Upon full execution of this Agreement, Plaintiff shall file a motion with the Court to approve this Agreement, retaining jurisdiction to enforce its terms, and to dismiss with prejudice the Litigation. Each party shall bear its own fees and costs.

3. **Default by Defendants.** In the event Defendants fail to make a payment due under paragraph 1, Defendants shall receive written notice of such default and shall be given fifteen (15) days to cure. Failure to cure the default within fifteen (15) days shall result in the entry of an unopposed Final Judgment in the amount of the balance of the Settlement Amount due and owing as of the date of default. Any notices of default shall be sent to Defendants at ErikaNaranjo@aol.com, with copy to Defendants' counsel, Diane Perez, P.A. at diane@dianeperezlw.com.

4. **Mutual General Release.** In consideration of the promises, covenants and exchanges set forth in this Agreement, the Plaintiff and Defendants, individually and on behalf of their respective agents, employees, heirs, family members, attorneys, successors, assigns, and related entities, release each other from any and all obligations and liabilities, whether arising by contract, statute, law, or otherwise, and from any and all actions, causes of actions, claims, and demands, whether at law or in equity, which they ever had or presently have or may have against the other, either known or unknown, , for any reason whatsoever, including, without limitation, all claims relating to the Litigation. Plaintiff further willingly and voluntarily waives and releases any and all known and unknown rights and claims Plaintiff has or may have against Defendants under:

- The National Labor Relations Act;
- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the U.S. Code;
- The Employee Retirement Income Security Act of 1974;
- The Immigration Reform and Control Act of 1986;
- The Americans with Disabilities Act of 1990;
- The Older Workers Benefit Protection Act;
- Age Discrimination in Employment Act, 29 USC Chap. 14;
- The Equal Pay Act of 1963;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;

_/s/ PN_

Plaintiff's Initials                                                                                           Defendants' Initials

- The Fair Labor Standards Act;
- The Florida Minimum Wage Act; and
- The Florida Civil Rights Act.

The foregoing Release also bars any claim or demand for costs, fees or other expenses including attorneys' fees incurred in connection with any of the above referenced claims. The listing of claims waived in this section is intended to be illustrative rather than exhaustive.

Plaintiff further acknowledges and agrees that with respect to the rights and claims she is waiving, Plaintiff waives not only her right to recover money or any other relief in any action she might commence, but also her right to recover in any action brought on her behalf by any municipal, state or federal agency, including, but not limited to, the U.S. EEOC and/or the U.S. Department of Labor.

Nothing in the foregoing Release shall be construed as limiting either party's right to enforce the terms of this Agreement in the future.

5. **Indemnification.** Plaintiff hereby agrees to indemnify and hold harmless Defendants from any and all claims or lawsuits brought against them by Gaston Silva in connection with the Investment.

6. **Taxes.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities, interest, penalties or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the Settlement Amount received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

7. **Confidentiality.** Plaintiff and Defendants will maintain the terms of this Agreement confidential and shall not disclose the terms of this Agreement to any third party, with the exception of to their lawful spouses, attorneys, and accountants, for tax reporting purposes, pursuant to a subpoena or when otherwise required by law, for approval of this Agreement, and for enforcement of this Agreement. Moreover, in the event the Parties discuss the terms of this Agreement with their spouses, attorneys, accountants or tax advisor, it shall be the disclosing parties' duty, responsibility, and obligation to direct them not to discuss the terms of this Agreement with any other person. The disclosing party shall be fully and completely responsible for any breach by them of this confidentiality provision.



Plaintiff's Initials                                                                                             Defendants' Initials

8. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in the Litigation, and expressly deny any and all such liability.

9. **Non Disparaging Remarks.** Plaintiff and Defendants agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, Plaintiff agrees that she shall direct such requests to Defendant Erika Naranjo, who shall personally or through her designee disclose only Plaintiff's dates of employment, rates of pay, and positions held. Plaintiff acknowledges and agrees that should Plaintiff intentionally or inadvertently use any other employee of Defendants as a reference, Plaintiff agrees that the person so used is acting solely in a personal capacity, and not on behalf of Defendants, and Defendants shall have no liability to Plaintiff for any information provided by the person so used, regardless of truth or falsity.

10. **No Future Employment.** Plaintiff agrees that she will not apply for employment or seek reinstatement as an employee with Defendants in the future, nor will she work as a contractor with Defendants in the future. Defendants will have no obligation whatsoever to employ or reinstate Plaintiff in the future.

11. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

12. **Attorney's Fees and Costs.** In any action brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs.

13. **Agreement Not to Be Used as Evidence.** Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law, except that if the release provisions in Paragraph 4 above are found to be invalid, this Agreement shall be null and void and all monies Plaintiff received under this Agreement will be immediately refunded to Defendants.

Plaintiff's Initials                                                                                         Defendants' Initials

15. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

16. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

17. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**PLAINTIFF**

/s/ Paola Bonet

Paola Bonet

Date: 01/16/17

**DEFENDANTS**

_____
The Building Crew, Inc.

By:_____

Its:_____

Date:_____


_____
Erika Naranjo

Date:_____


Plaintiff's Initials                                                    Defendants' Initials

5